UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POSEIA MCCUNE,

        Petitioner,                       Case No. 07-15389
                                                       Honorable David M. Lawson

v.

NICK J. LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Poseia McCune, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, the petitioner challenges his convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529, and two counts of possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b following his plea of no contest to these charges. The petitioner argues that his convictions were unconstitutional because a photographic lineup was conducted without counsel, his rights under the Fourth Amendment were violated, his attorney was ineffective, and he was denied due process and a fair trial. The Court finds that the petitioner's claims lack merit and will deny the petition for a writ of habeas corpus.

I.

      The petitioner was charged in Oakland County Circuit Court with three counts of armed robbery and three counts of felony firearm in connection with a robbery at a jewelry store in Royal Oak, Michigan. On September 7, 2004, two men with guns entered the store when five people were present: the owner (Serouj Basmajian), the landlord (John Peabody, Sr.), two sales associates

(Andrew Chisholm and Janis Jameel), and a customer. The two men tied up the occupants, took cash from the register, jewelry from the showcases, a watch from Peabody, and Basmajian's wallet. The police later showed Basmajian a photographic array. He testified at the preliminary examination that he identified the petitioner as one of the robbers from the photo array.

Basmajian's identification of the petitioner was the subject of a pretrial motion to suppress. The petitioner argued that the array was unfair because the petitioner's image was dissimilar to those of other members of the array and the procedure was unduly suggestive and conducive to misidentification. The trial court denied the motion to suppress.

The case was called for trial and a jury was empaneled. During the proceedings on September 20, 2006, the petitioner and his attorney informed the court that the petitioner desired to enter a conditional no contest plea to two counts of armed robbery and two counts of felony firearm. The offer to plead no contest plea was subject to an agreement allowed by state law that the petitioner would be sentenced at the bottom of the sentencing guidelines. *See People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation). Another part of the plea agreement was that the petitioner would retain his right to appeal the trial court's pretrial rulings. In exchange for his no contest plea, the remaining charges were dismissed. After extensive discussion on the record, the court accepted the plea and the plea agreement. On October 12, 2006, the petitioner was sentenced to concurrent custody terms of 135 to 360 months for the armed robbery convictions and consecutive two-year terms for the felony-firearm convictions.

The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I.  The trial court erred in denying the motion to suppress the pretrial identification, where Defendant was in custody and a photographic lineup was conducted without counsel, the photographic array was unduly suggestive, and Defendant was arrested without probable cause by officers outside their jurisdiction and reversal is required.
>
> II. Defense counsel was ineffective and Defendant was prejudiced by counsel's performance where counsel was unprepared and did not consult with Defendant before trial, and failed to obtain a DNA expert and reversal is required.

Delayed Appl. for Lv. To App. ¶ 7.

The Michigan Court of Appeals denied leave to appeal. *People v. McCune*, No. 278327, slip op. at 1 (Mich. Ct. App. July 25, 2007).

The petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

> I.   The trial court erred in denying the motion to suppress the pretrial identification, where Defendant was in custody and a photographic lineup was held without counsel in violation of the Defendant's Sixth Amendment right to counsel.
>
> II.  The trial court erred in denying the motion to suppress the pretrial identification, the subsequent DNA derived from the Defendant following his illegal arrest without probable cause by officers outside their jurisdiction violated the Defendant's Fourteenth Amendment rights.
>
> III. Defense counsel was ineffective and Defendant was prejudiced by counsel's performance where counsel was unprepared and did not consult with Defendant before trial and failed to obtain a DNA expert. . . .
>
> IV.  The defendant raises a Fourteenth Amendment constitutional right to due process of the law and a Fourth Amendment constitutional right to no warrant issue [sic], upon probable cause, unless supported by oath and affirmation and describing the particular things to be seized.
>
> V.   The defendant was denied his Fourteenth Amendment right to due process of the law. Defendant was denied his Fourth Amendment right to be secure in his person and free from searches of dwellings without a warrant supported by oath or

      affirmations. Defendant was denied his Fifth Amendment right against self incrimination.

VI.    The defendant contends the trial court abused its discretion and denied the defendant his constitutional right to due process and a fair trial.

Br. in Support of Appl. for Lv. to App. at 1-11.

The Michigan Supreme Court also denied leave to appeal on Mich. October 29, 2007. *People v. McCune,* 480 mich. 927, 740 N.W.2d 248 (2007).

The petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised before the Michigan Supreme Court.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court

factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The state appellate courts in this case issued brief form orders denying the petitioner's applications for leave to appeal. The Michigan Court of Appeals stated that it was denying the petitioner's application for leave to appeal "for lack of merit in the grounds presented." The Sixth Circuit recently stated that a "state court may have various reasons for denying an application for leave to appeal 'for lack of merit in the grounds presented,'" but a federal court "cannot discern from that language alone whether that decision was based on the merits of the case." *Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010). Where the federal court is unable to "conclude that it was an 'adjudication on the merits' pursuant to 28 U.S.C. § 2254(d)," as here, *de novo* review is appropriate. *Ibid*.

However, the state trial judge addressed the merits of the petitioner's identification and Fourth Amendment issues. The deferential review standard applies to this Court's review of those decisions.

### III.

The respondent argues that the petitioner waived consideration of his pre-plea claims, citing *Tollett v. Henderson*, 411 U.S. 258 (1973). In *Tollett*, the Supreme Court held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.* at 267. An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional

deprivations. *Id.*; *see also United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (holding that "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings"). However, the plea in this case was a conditional one. The trial court specifically acknowledged that the petitioner preserved his right to appeal the trial court's rulings on his motion to suppress the identification evidence and his Fourth Amendment-related claims.

If a defendant who pleads guilty is permitted by state law to appeal issues after a plea, a federal court may review those issues on habeas corpus. *See Lefkowitz v. Newsome*, 420 U.S. 283, 292-93 (1975). Similarly, issues waived in the state courts are waived in habeas proceedings. *Cf. Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Because the petitioner specifically reserved his appeal of the identification and Fourth Amendment claims, the Court finds that he has not waived review of those claims by this Court.

## IV.

### A.

In his first claim, the petitioner argues that the trial court erred in denying the motion to suppress the pretrial identification because a photographic lineup was conducted without counsel in violation of the Sixth Amendment. The petitioner acknowledges that formal criminal proceedings in the present charges had not commenced when the police conducted the photographic array. However, the petitioner argues that he had a right to have counsel present because he was in custody under a probation sentence on a different charge. He also argues that the identification should have been suppressed because the photographic array was impermissibly suggestive because his photograph was clearly distinguishable from the other five photographs.

The first argument can be dispatched easily. "[T]he Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender." *United States v. Ash*, 413 U.S. 300, 321 (1973). Supreme Court jurisprudence discussing identification procedures makes clear that the right to counsel under the Sixth Amendment attaches only "'at or after the initiation of adversary judicial criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Moore v. Illinois*, 434 U.S. 220, 226 (1977) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972). The record indicates that the photo display in this case was conducted as part of the police investigation of the robberies before the defendant was charged with these crimes. Therefore, there was no violation of the petitioner's Sixth Amendment right to counsel.

The petitioner also argues that the photographic lineup was impermissibly suggestive because his photograph was clearly distinguishable from the other five photographs. A conviction based on identification testimony that follows a pretrial photo identification violates the defendant's constitutional right to due process "if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). It is the likelihood of misidentification that violates a defendant's due process right. *Neil v. Biggers*, 409 U.S. 188, 198 (1972).

The pretrial identification was the subject of a suppression hearing in state court, during which copies of the photographs from the lineup were submitted. Following the hearing, the trial judge concluded that the photographic lineup was not unduly suggestive. He found that there were

substantial similarities between the photograph of the petitioner and the other five individuals. The judge noted that although two of the individuals appeared to have a lighter complexion than the petitioner and the other three individuals, the other facial characteristics were similar enough to those of the petitioner such that their inclusion in the lineup was proper. The petitioner disagrees with the trial court's conclusion but provides no evidence to persuade the Court that this conclusion derived from an unreasonable determination of the facts (which is presumed correct), or the determination was clearly erroneous. *See* 28 U.S.C. § 2254(e)(1) (stating that in a habeas federal proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct"); *West*, 73 F.3d 81, 84 (6th Cir. 1996) (requiring "complete deference to state court findings . . . unless they are clearly erroneous"). The quality of the copy of the lineup submitted with the petition is poor, but certainly does not provide clear and convincing evidence to rebut the state court's factual finding of similarity. The petitioner has failed to show that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent.

B.

The petitioner next argues that his attorney was ineffective because he was unprepared, did not consult with the petitioner prior to trial, and failed to obtain a DNA expert. The state courts did not address this claim.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's

representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

Although the petitioner alleges that counsel failed to consult with him prior to trial and was unprepared for trial, these allegations are vague and unsupported. They also are contradicted by the record: at the plea hearing that interrupted the trial, defense counsel stated that he had met with the petitioner to prepare for trial and discussed his contacts with him. There was no objection from the petitioner at that time.

The petitioner's primary claim of ineffective assistance of counsel — the only claim for which he provides a supporting argument — is based on the contention that his counsel failed to retain a DNA expert to rebut DNA evidence linking the defendant to the crime scene. The petitioner also argues that his attorney should have challenged the admission of this evidence at the evidentiary hearing on suppression of the identification testimony. However, counsel both argued that the blood evidence should have been suppressed at that time and requested a DNA expert, which the court refused.

The petitioner contends that a DNA expert could have supported an argument that the age of the crime-scene DNA compromised the results and could have interpreted the statistical results to benefit the petitioner. These arguments are speculative, however. There is no suggestion in the record or otherwise for the proposition that the DNA evidence was not properly preserved or was compromised by the passage of time.

Moreover, the petitioner has not established that he would not have pleaded no contest had counsel retained a DNA expert. He never made such a claim in the state courts, and he raised the specter of the possibility that he might not have entered his plea only in conclusory terms in his reply to the respondent's answer filed in this Court. The argument is not developed. The petitioner has

not shown any likelihood that an expert would have been able to testify favorably to the defense. The Court will deny habeas relief on this claim.

C.

The petitioner argues that his Fourth Amendment and due process rights were violated because the DNA was seized from him during a warrantless arrest, and the subsequent arrest warrant that was signed was not supported by oath and affirmation and did not state with particularity the things to be seized. Claims of unconstitutional seizures of persons or property fall under the Fourth Amendment, not the Due Process Clause. *Cf. Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that "that *all* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"); *Ciminillo v. Streicher*, 434 F.3d 461, 464-65 (6th Cir. 2006).

Federal courts will not address a Fourth Amendment claim in a habeas proceeding if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Federal courts make two distinct inquiries when assessing whether a petitioner may raise a claim under this amendment in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

The petitioner's Fourth Amendment claim was the subject of a suppression hearing in state court. Following the hearing, the trial court denied the motion to suppress the DNA evidence. The petitioner then appealed that decision to the Michigan appellate courts — with the specific consent of the trial court, despite the no contest plea — presenting his Fourth Amendment claim. Those courts denied leave to appeal.

This Court is satisfied that the petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in the Michigan courts. The petitioner's disagreement with the state courts' denial of his motion to suppress does not render the procedural mechanism for presenting his claims inadequate. Consequently, the petitioner's Fourth Amendment claim is not cognizable on habeas review.

D.

The petitioner argues that he was denied his Fifth Amendment right to be free from compelled self-incrimination when blood and saliva samples were taken from him for entry into the Michigan State Forensic Laboratory's Combined DNA Index System ("CODIS"). He also alleges that the extraction violated his rights under the Fourth Amendment because it was done without a warrant.

In *Wilson v. Collins*, 517 F.3d 421 (6th Cir. 2008), the plaintiff, an Ohio prisoner, challenged the constitutionality of Ohio's DNA collection statute on several grounds, including that collection of DNA violated his right not to incriminate himself, contending that DNA itself is testimonial. The court of appeals rejected the argument, adopting the view of other circuits and holding that a DNA sample "falls outside the scope of Fifth Amendment protection." *Id.* at 431 (citing *United States v. Zimmerman*, 514 F.3d 851, 853 (9th Cir. 2007) ("The extraction of DNA doesn't implicate the

-12-

privilege against self-incrimination because DNA samples are 'physical' evidence, not 'testimonial' evidence.")). The state's extraction of the petitioner's DNA sample did not violate his privilege against self-incrimination.

The *Wilson* court also addressed the potential Fourth Amendment violation of extracting DNA under Ohio's statute and found no violation. *Wilson*, 517 F.3d at 426-27 (applying a totality-of-circumstances test and, citing *Samson v. California*, 547 U.S. 843, 851 (2006), for the proposition that warrantless searches of parolees are reasonable under the Fourth Amendment, concluding that Wilson, who was a prisoner when his DNA was collected, has more of a diminished expectation of privacy than Sampson, who was a parolee). *Wilson*'s analysis is superficial, and it is unclear that its reasoning would hold up when applied to a pretrial detainee, such as the petitioner. However, the petitioner's Fourth Amendment argument could have been presented to the state courts. Therefore, as with the preceding argument objecting to the warrantless arrest, this claim falls prey to *Stone v. Powell*'s prohibition against review of such claims by a federal habeas court.

E.

Finally, the petitioner argues that the trial court abused its discretion by denying the petitioner his constitutional right to due process and a fair trial. The petitioner provides no support for this argument in the body of his petition or supporting papers. The record reveals that the petitioner pleaded no contest, and the trial judge engaged in extensive questioning of the petitioner to ensure that in fact that was his desire. There is no merit to this claim.

V.

The Court concludes that the petitioner is not in custody in violation of the Constitution or laws of the United States.

-13-

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 7, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL